MATHIS v INTERSTATE MOTOR FREIGHT SYSTEM

WORKMEN'S COMPENSATION—BENEFITS—EXCLUSIVE REMEDY—STATUTES.

> Workmen's compensation benefits are an injured employee's exclusive remedy against his employer where the employee's injury is within the scope of the Workmen's Compensation Act (MCLA 418.101 *et seq.;* MSA 17.237[101] *et seq.).*

Appeal from Kent, George R. Cook, J. Submitted January 6, 1977, at Grand Rapids. (Docket No. 28032.) Decided February 3, 1977. Leave to appeal applied for.

Complaint by Buster Mathis for damages for personal injuries. Accelerated and/or summary judgment for defendant. Plaintiff appeals. Affirmed.

*Reamon, Williams, Klukowski & Craft, P. C.,* for plaintiff.

*Warner, Norcross & Judd* (by *William K. Holmes* and *Gregory G. Prasher),* for defendant.

Before: BEASLEY, P. J., and R. B. BURNS and J. H. GILLIS, JJ.

PER CURIAM. The trial court granted defendant an accelerated and/or summary judgment in a suit by plaintiff to recover no-fault personal protection insurance benefits from defendant. Plaintiff appeals and we affirm.

Plaintiff was employed by defendant as a dock

REFERENCE FOR POINTS IN HEADNOTE
81 Am Jur 2d, Workmen's Compensation §§ 50, 51.

man. He fell and injured his left knee and leg while unloading freight from a semi-trailer.

Plaintiff received workmen's compensation benefits. He applied for benefits under the no-fault act. MCLA 500.3101 *et seq.;* MSA 24.13101 *et seq.*

The trial judge held that workmen's compensation benefits were plaintiff's exclusive remedy. MCLA 418.101 *et seq.;* MSA 17.237(101) *et seq.*

The Supreme Court in *Solakis v Roberts,* 395 Mich 13, 20; 233 NW2d 1, 4 (1975), said: "When an employee's injury is within the scope of the act, workmen's compensation benefits are the exclusive remedy against the employer."

Affirmed. Costs to defendant.